**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FREDRICK HERMAN FISHER,

        Plaintiff,

v.                                            Case No. 2:06-CV-11110

PATRICIA L. CARUSO, ET AL.,

        Defendant.
_____/

**ORDER OF PARTIAL DISMISSAL AND DIRECTING PLAINTIFF
TO PROVIDE ADDITIONAL INFORMATION**

Plaintiff Fredrick Herman Fisher has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has named multiple Michigan Department of Corrections (MDOC) officials and employees as defendants. He alleges that Defendants have failed to house him in a smoke-free environment, which he requires because he suffers from a serious medical condition. He further alleges that certain defendants have retaliated against him for filing grievances regarding the failure to provide him with a smoke-free environment.

Among the named Defendants is C. Falkenstein, an MDOC hearings officer who found Plaintiff guilty of a major misconduct violation. Plaintiff maintains that the misconduct charge was filed in retaliation for his filing grievances. Plaintiff seeks monetary damages. The claims against Falkenstein are all directed to actions taken by Falkenstein in his capacity as an official hearings officer for the state of Michigan. It is well-established that "[p]rofessional hearings officers are entitled to absolute judicial immunity from damages for their discretionary actions taken in their capacity as

hearings officers." *Sullivan v. Ford*, 828 F. Supp. 480, 482 (E.D. Mich. 1993) (*citing Shelly v. Johnson*, 849 F.2d 228, 229-30 (6th Cir. 1988)).  Accordingly, the court dismisses the allegations against Defendant Falkenstein, pursuant to 28 U.S.C. § 1915(e)(2), which provides that a court shall dismiss any claims of a prisoner proceeding *in forma pauperis* that fail to state a claim upon which relief may be granted.

Plaintiff has failed to provide the addresses for the remaining named Defendants. Plaintiff has been granted leave to proceed in this matter *in forma pauperis*.  In matters where a prisoner is proceeding *in forma pauperis*, the officers of the court "shall issue and serve all process." 28 U.S.C. § 1915(d).  Federal Rule of Civil Procedure 4(c)(2) provides that the court must appoint a United States Marshal to effect service when a plaintiff is authorized to proceed *in forma pauperis*.  Plaintiff must provide sufficient information to identify the locations where each Defendant may be served.  While the court recognizes that a prisoner will not have access to an MDOC employee's home address, Plaintiff should at least be able to provide the last known work address for each of the defendants.  The court shall require Plaintiff to provide this additional information to the extent it is available to him so that service may be effected.

Accordingly, IT IS ORDERED that the claims against Defendant Falkenstein are DISMISSED.  IT IS FURTHER ORDERED that Plaintiff shall provide the addresses for each of the remaining named Defendants within **forty-two** (42) days from the date of this order.

                                     S/Robert H. Cleland
                                     ROBERT H. CLELAND
                                     UNITED STATES DISTRICT JUDGE

Dated: March 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2006, by electronic and/or ordinary mail.

                                                     S/Lisa Wagner
                                                   Case Manager and Deputy Clerk
                                                   (313) 234-5522