**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FREDRICK HERMAN FISHER,

    Plaintiff,

v.                                                 Case No. 06-CV-11110-DT

PATRICIA L. CARUSO, et al.,

    Defendants.
                                                     /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT
EXHIBITS AND DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY
INJUNCTIONS OR TEMPORARY RESTRAINING ORDERS**

Pending before the court are a number of motions by Plaintiff, a *pro se* prisoner litigant, seeking injunctive relief for his exposure to secondhand smoke and for alleged retaliatory transfers. Plaintiff alleges that the retaliation is in response to his pending, earlier filed suit (Case No. 03-71804), which first presented his claims of deliberate indifference to the alleged harm that secondhand smoke does to his health. Plaintiff first moved, on March 31, 2006, for an injunction or a temporary restraining order to cease all transfers of him to other prison facilities for the duration of this case. Next, Plaintiff moved, on May 25, 2006, for the same kind of injunctive relief "to stop all sales of tobacco products and tobacco related products to the Michigan Department of Corrections prisoner's [sic] in the entire state prison system . . . ." (5/25/06 Pl.'s Mot. at 1.) Finally, Plaintiff moved the following day to supplement the exhibits in support of his May 25, 2006 motion. Defendants have not responded to any of Plaintiff's motions--which may be a consequence of delayed service of process that the court had to direct in a subsequent order. (*See* 9/29/06 Order Directing Service.) The court will, for the

reasons stated below, grant Plaintiff's motion to supplement and deny his motions for injunctive relief.

## I.  PLAINTIFF'S MOTION TO SUPPLEMENT

Plaintiff moved promptly to supplement his second motion and the court does not believe that acceptance of the additional exhibits will prejudice Defendants.  The court will therefore grant the motion to supplement and will include these exhibits in its consideration of Plaintiff's other motions.

## II.  PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF

### A.  Standard

The purpose of a preliminary injunction or temporary restraining order is merely to preserve the relative positions of the parties until a trial on the merits can be held. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also In re DeLorean*, 755 F.2d at 1229 (quoting *Blount v. Societe Anonyme du Filtre Chamberland Systeme Pasteur, et al.,* 53 F. 98, 101 (6th Cir. 1892)) ("The object and purpose of a preliminary injunction [or temporary restraining order] is to preserve the existing state of things until the rights of the parties can be fairly and fully investigated.").  The court must consider four factors in determining whether to grant a temporary restraining order:

> (1) likelihood of success on the merits;
> (2) potential for irreparable harm;
> (3) potential of adverse public impact; and
> (4) potential harm to the plaintiff weighed against the potential harm to the defendant.

*Taubman Co. v. Webfeats,* 319 F.3d 770, 774 (6th Cir. 2003).  None of these factors, standing alone, is a prerequisite to relief; rather, they must be balanced.  *In re DeLorean,* 755 F.2d at 1229.  Thus, "no single factor is determinative as to the

2

appropriateness of equitable relief." *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 537 (6th Cir. 1978). The decision of whether or not to issue a preliminary injunction falls within the sound discretion of the trial court. *Golden v. Kelsey-Hayes,* 73 F.3d 648, 653 (6th Cir. 1996). A preliminary injunction is an extraordinary remedy that should be granted only if the movant carries its burden of proving that the circumstances clearly demand it. *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000).

### B. Secondhand Smoke

The court first observes that, absent a sufficient showing of a violation of constitutional rights, the public welfare generally militates against granting extraordinary injunctive relief in the prison context. *See Glover v. Johnson*, 855 F.2d 277, 287 (6th Cir. 1988). The operation of a prison system is complex and unique, and the court is mindful of its responsibility to not unduly interfere with legitimate penological interests that the Defendants represent.

In Plaintiff's earlier filed case (No. 03-71804), the court reached the same issue in a similar procedural context and denied Plaintiff's motion for a temporary restraining order. (No. 03-71805, 5/26/05 Order at 3-6.) The court has not consolidated Plaintiff's cases,[1] nor will it allow Plaintiff to seek in a later-filed case the injunctive relief that he was denied in an earlier filed case and that was aimed at the same alleged harm. Plaintiff's claims of deliberate indifference to his alleged medical need to avoid secondhand smoke are properly the subject of Case No. 03-71804 and *not* the instant case. In other words, there can no likelihood of successes on the merits of Plaintiff's

---

[1]The court will not foreclose the possibility of future consolidation, as the cases may well merit consolidations in the interests of justice and judicial economy.

claims regarding secondhand smoke because those claims quite simply are not before the court in this case. Because the instant case is limited to Plaintiff's claims of retaliatory transfers, the court will limit to those claims its analysis of the propriety of injunctive relief.

### C.  Retaliatory Transfers

The court did not reach the issue of retaliatory transfers in Plaintiff's earlier-filed case. (*See id.* at 4 ("Plaintiff's retaliation claims are not before the court.")) In the instant case, Plaintiff alleges that on several occasions Defendants transferred him illegally in order to punish him in retaliation for his earlier-filed suit. The court will deny Plaintiff's request for injunctive relief.

The court is not persuaded that Plaintiff has shown that the circumstances clearly demand the injunctive relief that he demands. First, Plaintiff has not demonstrated that he has a strong or substantial likelihood of prevailing on the merits of his claims of illegal retaliation. Settled law states that prisoners have no right to a specific placement within a corrections system and that no due process protections are required before a discretionary transfer of a state prisoner to another prison. *See Meachum v. Fano*, 427 U.S. 216, 224 (1976) (rejecting "the notion that *any* grievous loss visited upon a person by the State is sufficient to invoke the procedural protections of the Due Process Clause"). Nor has Plaintiff presented persuasive authority that would compel this court to invalidate his prisoner classification or security level. As such, Plaintiff has also not adequately shown that he stands to suffer imminent irreparable harm. Given Plaintiff's limited constitutional rights in the context of prison assignment, it is difficult for this court to conclude that additional transfers will cause Plaintiff irreparable harm. Plaintiff is

4

therefore left to his proofs if he is indeed entitled to a remedy for the allegedly illegal and retaliatory transfers he claims he has suffered.

Further, the confidence of the public in the criminal justice depends in large part upon the ability of prison officials to regulate internal matters with a free hand.  They are in a far better position than this court is to evaluate the needs of the prison system writ large and, more specifically, the proper placement of Plaintiff within that system.  *See Pell v. Procunier*, 417 U.S. 817 (1974); *Spies v. Voinovich*, 173 F.3d 398 (6th Cir. 1999). The potential harm to Defendants is great if the court were to decide to inhibit their ability to meet the challenges they face while balancing competing interests that include the rights of Plaintiff.  For these reasons, the court is not convinced that injunctive relief for Plaintiff is appropriate.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Injunction/Restraining Order . . ." [Dkt # 6] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Preliminary Injunction or Restraining Order . . ." [Dkt # 9] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Supplement Exhibits . . ." [Dkt # 10] is GRANTED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 20, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522